**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 22 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARCH INSURANCE COMPANY, a Missouri corporation, | No. 13-56135 |
| Plaintiff - Appellee, | D.C. No. 2:12-cv-02544-JFW-RNB |
| v. | |
| NIZAR AND NUHA KATBI FAMILY TRUST; NIZAR KATBI, individually and as trustee of the Nizar and Nuha Katbi Family Trust; NUHA KATBI, individually and as trustee of the Nizar and Nuha Katbi Family Trust, | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted July 6, 2015[**]
Pasadena, California

Before: W. FLETCHER, PAEZ, and BERZON, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Arch Insurance, an insurer that underwrites surety bonds for the construction industry, entered into an indemnity agreement with FTR International President and CEO Nizar Katbi in 2006 ("Indemnity Agreement"). Katbi and FTR agreed to indemnify and hold Arch harmless for all losses sustained from any bonds Arch executed on FTR's behalf. The next year, in 2007, Katbi wrote a letter informing Arch that he was switching sureties. FTR switched back to using Arch as a surety two years later. The parties did not sign a new indemnity agreement, but Arch and FTR did receive and execute new bonds.

After FTR defaulted on its obligations, Arch sued to collect the money it had paid FTR's subcontractors and suppliers on FTR's bonds. Arch moved for summary judgment. Katbi failed to oppose Arch's motion on time, but the district court granted him an extension. In his opposition, Katbi claimed that the 2007 letter switching sureties terminated the Indemnity Agreement. In its reply, Arch provided evidence that Katbi continued to rely on the Indemnity Agreement after he sent that letter. The district court granted summary judgment. One month later, Katbi filed motions for relief from the judgment and for reconsideration. The district court denied the motions.

Under California contract law, which governs here, a contract remains in force until it is terminated according to its terms or by the acts of the parties

evidencing an abandonment. *Busch v. Globe Indus.*, 200 Cal. App. 2d 315, 320 (1962). The only evidence the Indemnity Agreement was terminated is a letter Katbi sent Arch in 2007 stating that FTR was switching sureties. The letter did not mention the Indemnity Agreement. After Katbi contracted with Arch again for surety coverage for FTR, he sent letters to Arch as late as 2012 telling Arch that it had to comply with the Indemnity Agreement. The parties never abandoned that contract, and Katbi is estopped from claiming that they did. *See Metalclad Corp. v. Ventana Envtl. Org. P'Ship*, 109 Cal. App. 4th 1705, 1713–14 (2003).

The district court did not abuse its discretion in denying Katbi's motions for relief from the judgment and reconsideration. A court may relieve a party from a final judgment based on "excusable neglect." Fed. R. Civ. P. 60(b). Katbi sought and received an extension of time to file his opposition. He had enough time to oppose summary judgment.

A court also may relieve a party from a final judgment based on "newly discovered evidence." *Id.* Most of the "new" evidence Katbi pointed to was in his possession before his opposition to summary judgment was due. *See Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003). He could have collected the other evidence before the opposition was due via public records requests. *See id.*

Finally, while the district court may not rely on evidence provided for the first time in a reply brief, a court may rely on such evidence if it provides full context for the facts supplied in the opposition. *See SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1087 n.9 (9th Cir. 2007). Arch's evidence that Katbi relied on the Indemnity Agreement in 2012 gives context to Katbi's claim that he terminated the Agreement in 2007.

**AFFIRMED.**